IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| DRYDEN ADVISORY GROUP, LLC, | * | |
|     Debtor-in-Possession | * | CASE NO. 1:15-bk-00545-MDF |
| | * | |
| JANNEY MONTGOMERY SCOTT LLC, | * | |
|     Plaintiff | * | |
| | * | ADV. NO. 1:16-ap-00109-MDF |
| v. | * | |
| | * | |
| DURHAM COMMERCIAL CAPITAL | * | |
| CORP., | * | |
|     Defendant. | * | |

## OPINION

Janney Montgomery Scott LLC ("Janney") seeks to enjoin Durham Commercial Capital Corp. ("Durham") from pursuing the lawsuit that Durham commenced against Janney in the Court of Common Pleas of Philadelphia County ("state court lawsuit"). Durham has filed a Motion to Dismiss for lack of subject matter jurisdiction, which is now before the Court.

### I. Procedural History and Factual Findings

Dryden Advisory Group LLC ("Debtor") is a sales and use tax consulting firm, which assisted Janney with the recovery of sales and use taxes overpaid to the Commonwealth of Pennsylvania as well as with sales tax audit defense. In 2012, Debtor and Durham entered into a factoring agreement whereby Debtor assigned certain accounts receivable to Durham, including accounts due from Janney. On May 9, 2014 Durham notified Janney of the assignment and directed Janney to pay Durham instead of Debtor for services performed.

On February 13, 2015 Debtor filed a Chapter 11 bankruptcy petition. Shortly thereafter, Debtor moved for an interim order permitting the use of cash collateral ("First Interim Cash Collateral Order"). Durham was aware of but did not participate in the First Interim Cash

Collateral hearing. The Court issued an order authorizing Debtor to use cash collateral subject to certain terms, including the following:

> Any person, company or other legal entity that is obligated to make a payment to the debtor for services provided by the debtor prior to February 13, 2015 ("pre petition account debtor") is directed to make any and all payments on account of such pre petition obligation ("pre petition account payable") directly to the debtor, and not to any of the secured parties, pending further Order of this Court [.]

Durham filed a motion requesting the Court to reconsider the First Interim Cash Collateral Order, which the Court denied. Subsequently, Debtor sent an invoice to Janney in the amount of $79,750.08 for pre-petition services, and Janney remitted payment to Debtor on April 21, 2015.

Durham filed an objection to entry of the final cash collateral order. The Court sustained the objection and held that the factoring agreement was a true sale of receivables and not a financing agreement. Accordingly, the Court held that the accounts purchased by Durham were not assets of Debtor's bankruptcy estate.

Durham commenced the state court lawsuit against Janney for violation of § 9-406 of the Uniform Commercial Code ("UCC") on May 16, 2016. On August 19, 2016 Janney filed an adversary complaint in this Court seeking to enjoin Durham's prosecution of the suit. Durham filed a Motion to Dismiss the adversary complaint alleging that this Court lacked subject matter jurisdiction under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(1). Both parties have filed briefs, and the matter is ready for decision.[1]

---

[1] I have jurisdiction to decide this matter. *See e.g. In re AE Liquidation, Inc.,* 435 B.R. 894, 900 (Bankr. D. Del. 2010) (citing *Chicot Cnty. Drainage Dist. V. Baxter State Bank,* 308 U.S. 371, 376-77, 60 S. Ct. 317, 84 L. Ed. 329 (1940) (holding that a bankruptcy court has jurisdiction to decide whether it has subject matter jurisdiction over a matter).

## II. Discussion

Fed. R. Bankr. P. 7012 states that Fed. R. Civ. P. 12(b) applies in adversary proceedings. Fed. R. Bankr. P. 7012(b). Under Fed. R. Civ. P. 12(b)(1), a party may file a motion for dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a court does not have subject matter jurisdiction, it may not hear the matter. *See In re AE Liquidation, Inc.,* 435 B.R. at 900. The plaintiff, or the party asserting a bankruptcy court's jurisdiction, bears the burden of proving the existence of subject matter jurisdiction. *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.,* 692 F.3d 283, 293 (3d Cir. 2012).

A bankruptcy court's jurisdiction stems from 28 U.S.C. §§ 1334 and 157. *In re Resorts Inter., Inc.,* 372 F.3d 154, 162 (3d Cir. 2004). It extends to core proceedings, which are proceedings arising under Title 11 and proceedings arising in a case under Title 11. *Id.*[2] "Arising under" jurisdiction over a matter exists where the matter deals with a right under the Bankruptcy Code. *Stoe v. Flaherty,* 436 F. 3d 209, 216 (3d Cir. 2006). "Proceedings 'arise in' a bankruptcy case, 'if they have no existence outside of the bankruptcy.'" *Id.* Even if a proceeding does not arise under Title 11 or in a case under Title 11, a bankruptcy court has jurisdiction if the proceeding is related to a case under Title 11. *In re Resorts Intern., Inc.,* 372 F.3d at 162; *In re Schatz*, 452 B.R. 544, 551 (Bankr. M.D. Pa. 2011). These matters are classified as non-core proceedings. A bankruptcy court has "related-to" jurisdiction over

---

[2] While not an issue of subject matter jurisdiction, in certain cases bankruptcy courts lack the constitutional authority to enter final judgment on state law counterclaims that are not resolved in the claims allowance process, but which are described as "core" in 28 U.S.C. § 157(b)(2). *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

3

proceedings between third parties "'that conceivably may have an effect on the bankruptcy estate.'" *In re W.R. Grace & Co.,* 591 F.3d 164, 171 (3d Cir. 2009) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). The standard is broad, but it is not limitless.

In the case before me, Janney argues that "arising under" and "arising in" jurisdiction exists because this adversary proceeding involves the Court's interpretation of the First Interim Cash Collateral Order. The Court authorized Debtor to use cash collateral on an interim basis on February 24, 2015. Soon thereafter, Janney was notified to pay its outstanding invoice directly to Debtor and on April 25, 2015 Janney did so. It was not until July 29, 2015, when the Court issued its opinion holding that Janney's invoice, among others, was not property of Debtor's bankruptcy estate that it became clear that the transfer to Durham was a true sale. Janney seeks an injunction against the state court lawsuit arguing that if it had complied with Durham's notice under the UCC, it would have been in violation of this Court's Order. Whether Janney was required to comply with the First Interim Cash Collateral Order requires an interpretation by this Court of its previous order. This Court clearly has subject matter jurisdiction to interpret its own order. *In re Sportsman's Warehouse, Inc.,* 457 B.R. 372, 387 (Bankr. D. Del. 2011); *In re Insilco Tech. Inc.,* 351 B.R. 313, 319 (Bankr. D. Del. 2006).

Although it is not necessary for me to reach this issue having determined that the issue is core, Janney also argues that this Court has "related to" jurisdiction because the outcome of the state court lawsuit could affect Debtor's bankruptcy estate. If a judgment is entered against Janney and it has to pay Durham, Janney would in turn file a suit against Debtor to recover the money it paid to Debtor. I agree. I acknowledge that the Third Circuit Court of Appeals has held that "there is no related-to jurisdiction over a third-party claim if there would need to be

another lawsuit before the third-party claim could have any impact on the bankruptcy proceeding." *In re W. R. Grace & Co.*, 591 F.3d 164, 173 (3d Cir. 2009). Nevertheless, the Third Circuit has also noted that "[w]hat will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis." *Id.* at n.9. Here, Janney argues that it was complying with the Court's First Interim Cash Collateral Order when it paid Debtor rather than Durham. If Durham prevails in the state court lawsuit and Janney is found liable to Durham, Janney certainly will assert a claim against Debtor for unjust enrichment. Because the Court is asked to interpret its own previous order and because Janney is likely to assert a claim against Debtor if Durham prevails, the Court finds that it has subject matter jurisdiction over this adversary proceeding.

### III. Conclusion

For the reasons set forth above, Durham's Motion to Dismiss is denied. An appropriate Order will follow.

By the Court,

*Mary D. France*
Bankruptcy Judge
(VK)

Date: February 10, 2017